UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CORNELL MCCREARY,

                Plaintiff,              Case No. 1:10-cv-1211

v.                               Honorable Gordon J. Quist

ROBERT HOLMES BELL et al.,

                Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner, Plaintiff Cornell McCreary.[1] The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when fees become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action proceeding *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed because Defendants are immune from relief and/or because Plaintiff fails to state a claim. Furthermore, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.

_____

[1] Plaintiff identifies himself in his pleadings as "Carnell" McCreary, but he is listed in the Michigan Department of Corrections (MDOC) Offender Tracking Information System as "Cornell" McCreary.

**Factual Allegations**

Plaintiff is a state prisoner incarcerated at the Oaks Correctional Facility.  In his *pro se* complaint, he sues the following individuals: United States District Judge Robert Holmes Bell, United States Magistrate Judge Timothy P. Greeley, United States Attorney Donald Davis, Clerk of the United States District Court Tracey Cordes, Wayne County Prosecutor Kym L. Worthy, Detroit Police Chief Warren C. Evans, Attorney Grievance Administrator Robert K. Agacinski, Michigan Attorney General Mike Cox, Plaintiff's wife, Chalkney Perry, and Perry's new husband (named as "John Doe").  He also sues the following employees of the Michigan Department of Corrections (MDOC):  Director Patricia L. Caruso, Warden Cindi Curtin, Grievance Coordinator M. E. McDonald and Librarian D. Straubal.

Plaintiff alleges that Magistrate Judge Greeley presided over a civil action that Plaintiff filed against state officials.  *See McCreary v. Wartanen et al.*, No. 2:08-cv-277 (W.D. Mich.).  Judge Greeley ordered service of the complaint on one of the defendants, Baraga County Prosecutor Joseph O'Leary.  Mr. O'Leary received service on April 27, 2009, but did not respond to the complaint within twenty-one days, so Plaintiff requested entry of default and filed a motion for default judgment.  O'Leary responded to the motion with a motion to dismiss the complaint. Defendant Cordes, the Clerk of the Court, did not enter the default and Judge Greeley denied Plaintiff's motion for default judgment.  Plaintiff appealed the denial of his motion to Judge Bell, the district judge presiding over the action, and to the Court of Appeals for the Sixth Circuit.  On *de novo* review, Judge Bell affirmed Judge Greeley's decision.  The Court of Appeals rejected Plaintiff's interlocutory appeal, in part, because "the magistrate judge was not given plenary jurisdiction pursuant to 28 U.S.C. § 636(c)(1), and any review of the June 2, 2009 order lies with the district judge." *McCreary v. Wartanen*, No. 09-1816, slip op. at 1 (6th Cir. July 31, 2009).

Plaintiff contends that he requested United States Attorney Davis to file charges against Mr. O'Leary for committing perjury and obstructing justice in the aforementioned litigation, but Davis refused. Plaintiff also filed a grievance against Mr. O'Leary with the Michigan Attorney Grievance Commission. Defendant Agacinski denied the grievance. Plaintiff notified Cox of the grievance, but Cox did not respond.

Plaintiff further alleges that his access to the prison library is impaired. He alleges that he is required to fill out a library request form in order to receive law books from the prison library, and that Librarian Straubal has failed to send him certain law books. Plaintiff notified Warden Curtin on November 9, 2009, of Curtin's custom of denying Plaintiff's right to go to the prison library. Curtin did not respond, so Plaintiff filed a grievance against her and against MDOC Director Caruso. Grievance Coordinator McDonald denied the grievances. Curtin received a copy of the grievance but she did not respond. Plaintiff then filed a grievance on McDonald for denying several of Plaintiff's grievances. Plaintiff sent this grievance to Caruso, but she denied Plaintiff any relief. Plaintiff also notified Attorney General Cox and requested that he take civil and criminal action against Defendants Straubal, Curtin and/or Caruso, but Cox did not respond.

Finally, Plaintiff alleges that his wife, Perry, and an unidentified individual ("John Doe") have committed acts of adultery and polygamy. Plaintiff contacted Wayne County Prosecutor Worthy, Detroit Police Chief Evans and Attorney General Cox, requesting that they file charges or initiate criminal proceedings against his wife and her new husband, but Defendants Worthy, Evans and Cox refused to file charges or did not respond.

Plaintiff brings claims under 42 U.S.C. § 1983, the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and state law. In particular, Plaintiff asserts the following: (Counts 1-3) Defendants Bell, Greeley and Cordes

deprived Plaintiff of a property interest in the default judgment and denied him equal protection of the law, in violation of the Fifth and Fourteenth Amendments; (Count 4) Defendant Davis deprived Plaintiff of a right to due process and equal protection of the law, in violation of the Fifth and Fourteenth Amendments; (Count 5) Defendants Caruso, Curtin, McDonald, Straubal and Cox denied Plaintiff the right to petition the government for grievances, and denied him his right to due process and equal protection under the Fourteenth Amendment; (Count 6) Defendants Agacinski and Cox denied Plaintiff his right to due process and equal protection under the Fourteenth Amendment; (Count 7) Defendants Worthy, Evans and Cox denied Plaintiff's right to petition the government for grievances, denied him his right to due process, and discriminated against him in violation of his right to equal protection under the Fourteenth Amendment; (Counts 8-10) Defendants Perry and John Doe committed torts against Plaintiff under state law.

For relief, Plaintiff seeks exemplary, compensatory, punitive, and nominal damages.

## Discussion

I.  Immunity

### A.  Judicial Immunity

Plaintiff alleges that Defendants Bell and Greeley deprived Plaintiff of various constitutional and federal rights by preventing Plaintiff from obtaining a default judgment against Mr. O'Leary.  Bell and Greeley are immune from Plaintiff's claims.

Generally, judges are absolutely immune from suit for conduct taken in their judicial capacity.  *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administrative of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations and citation omitted); *Barrett v. Harrington*, 130

F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).  Absolute judicial immunity may be overcome in only two instances.  First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity.  *Mireles*, 502 U.S. at 11.  Second, a judge is not immune for actions, though judicial in nature, taken "in the complete absence of all jurisdiction."  *Id.* at 12.  "A judicial officer acts in the clear absence of jurisdiction only if he knows that he lacks jurisdiction, or acts despite a clearly valid statute or case law expressly depriving him of jurisdiction."  *Mills v. Killebrew*, 765 F.2d 69, 71 (6th Cir. 1985).  Plaintiff's allegations do not satisfy either of the exceptions to judicial immunity.

First, there is no question that Judge Greeley's act of denying Plaintiff's motion, and Judge Bell's act of affirming Judge Greeley's opinion, were acts within their judicial capacity.

Second, there is no question that Judge Bell had jurisdiction to review and affirm Judge Greeley's order.  Thus, judicial immunity clearly applies to Judge Bell.  It is less clear, however, whether Judge Greeley had jurisdiction to deny Plaintiff's motion.  28 U.S.C. § 636(c)(1) allows a magistrate judge to conduct "any and all proceedings" if the parties give their consent.  *Id.* In the case at issue, the parties did not give such consent, so that section does not apply.  *See also McCreary v. Wartanen*, No. 09-1816, slip op. at 1 (6th Cir. July 31, 2009) (noting that judge Greeley did not have "plenary jurisdiction" under § 636(c)(1) to conduct all proceedings).

Alternatively, under 28 U.S.C. § 636(b)(1), the district judge can designate magistrate judges to "hear and determine any pretrial matter," except for certain specified motions[2] that the magistrate may submit to the district judge by report and recommendation.  *Id.*  A motion for default judgment is not expressly included in the list of excepted motions.  *See* 28 U.S.C. § 636(b)(1)(A).

---

[2] The excepted motions include "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."  28 U.S.C. § 636(b)(1)(A).

The Sixth Circuit has held, however, that the list in § 636(b)(1)(A) is not exhaustive, and that motions for default judgment are considered to be part of that list. *See Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999). The Sixth Circuit has not addressed this issue in a clear and consistent manner, however. In a later case, the Sixth Circuit noted that a district judge could refer a motion for default judgment to a magistrate, citing § 636(b)(1)(A). *See McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 472 (6th Cir. 2006). Moreover, when Plaintiff appealed his case, the Sixth Circuit rejected his argument that Judge Greeley lacked jurisdiction to hear the motion for default judgment, noting that "the magistrate did have jurisdiction to issue orders on nondispositive pretrial matters and to submit proposed findings of fact and recommendations on dispositive motions without the consent of the parties." *McCreary v. Wartanen*, No. 10-1457, slip op. at 2 (6th Cir. Dec. 8, 2010). Considering the Sixth Circuit's treatment of the issue, therefore, and given that § 636(b)(1) does not *expressly* preclude magistrates from determining motions for default judgment, the Court cannot say that Judge Greeley acted in the "clear absence of all jurisdiction." *See Mills*, 765 F.2d at 71. Therefore, the jurisdictional exception to immunity does not apply and Judge Greeley is also entitled to absolute judicial immunity for his conduct.[3]

### B. Quasi-judicial Immunity – Defendant Cordes

Plaintiff alleges that the Clerk of the Court, Tracey Cordes, violated Plaintiff's rights by failing to enter default against Mr. O'Leary. Defendant Cordes is also immune from Plaintiff's claims. Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer

---

[3] Even assuming that Judge Greeley is not immune, Plaintiff fails to state a claim against him for the reasons set forth in Section II.A., *infra*.

who is immune." *Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (probate court administrator entitled to quasi-judicial immunity for his role in carrying out the orders of the court) (citing *Scruggs v. Moellering*, 870 F.2d 376 (7th Cir. 1989)); *see also Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (clerk of court was entitled to quasi-judicial immunity for issuing a warrant as directed by the court); *Bradley v. United States*, 84 F. App'x 492, 493 (6th Cir. 2003) (federal court clerk entitled to immunity from suit); *Lyle v. Jackson*, No. 02-1323, 2002 WL 31085181, at *1 (6th Cir. Sept. 17, 2002) (quasi-judicial immunity applied to claims against state court clerks who allegedly failed to provide prisoner with requested copies of previous filings and transcripts). Defendant Cordes was acting on behalf of the Court when she allegedly failed to enter default. Therefore, she is also entitled to immunity from Plaintiff's claims.

Because Defendants Bell, Greeley and Cordes are immune from Plaintiff's claims, they will be dismissed as Defendants.

## II.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct.

at 1949.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief."  *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

Under 42 U.S.C. § 1983 and the *Bivens* doctrine,[4] a plaintiff may seek money damages from government officials who have violated her constitutional or statutory rights. *Camreta v. Greene*, 131 S. Ct. 2020, 2030 (2011).  To state a claim, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state (or federal) law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

### A.      Rights not cognizable in a § 1983 / *Bivens* action

1.      Right to a default judgment.

Plaintiff contends that Defendants Bell, Greeley and Cordes denied him his right to a default judgment against Mr. O'Leary.  The deprivation of this "right" did not deprive Plaintiff of any rights for which he can bring a claim under § 1983 or the *Bivens* doctrine.  The denial of his motion for default judgment did not, for instance, violate his right to due process or interfere with his right of access to the courts.  Indeed, Plaintiff received full review of Judge Greeley's order

---

[4] A *Bivens* action is similar to one brought under 42 U.S.C. § 1983, except that the defendant in a *Bivens* action is a person acting under color of federal authority (typically, a federal official), rather than a person acting under color of state law (typically, a state official).  *See Bivens*, 403 U.S. at 389; *Farmer v. Brennan*, 511 U.S. 825, 839 (1994); *Mueller v. Gallina*, 137 F. App'x. 847, 850 (6th Cir. 2005).

denying the motion for default judgment. Though the Court of Appeals initially declined to review Judge Greeley's order on interlocutory appeal, Judge Bell reviewed that order *de novo* when Plaintiff appealed to the district judge, *see McCreary v. Wartanen*, No. 2:08-cv-277 (W.D. Mich. June 29, 2009) (docket #116), and the Court of Appeals later reviewed the district court's order when Plaintiff appealed the final judgment, *see McCreary v. Wartanen*, No. 10-1457, slip op. at 2-4 (6th Cir. Dec. 8, 2010). Thus, Plaintiff fails to state a cognizable claim based on an asserted right to a default judgment.

### 2.     Right to grievance relief

Plaintiff alleges that Defendants Agacinski and Cox failed to protect Plaintiff when Agacinski denied an attorney grievance that Plaintiff filed against Mr. O'Leary, and when Cox failed to respond to Plaintiff's notice about the grievance. Plaintiff does not have a constitutional or federal right to obtain relief through an attorney grievance. Even if he did, there is no indication that Defendants' actions were improper.

### 3.     Right to initiate criminal proceedings

Plaintiff alleges that Defendants Davis, Cox, Evans, Worthy violated Plaintiff's rights when they did not respond to his requests to file charges or initiate criminal proceedings against other individuals. The Supreme Court has held that a private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 63 (1986); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Accordingly, Plaintiff's allegations that Defendants failed to pursue charges or respond to Plaintiff's complaints fail to state a claim.

### 4.     Rights under state law

Plaintiff's state-law claims against Defendants Perry and John Doe are not the proper subject of an action under § 1983 or the *Bivens* doctrine. Section 1983 (and, by extension, the *Bivens* doctrine) does not provide redress for violations of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Thus, this Court does not have original jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1331. To review those claims, this Court must exercise supplemental jurisdiction under 28 U.S.C. § 1367(a). *See* Section III, *infra.*

### B.    Access to the courts

Plaintiff alleges that Defendants Caruso, Curtin, Straubal and McDonald violated his right to petition the government for grievances. In particular, he alleges that Warden Curtin has a custom of not allowing Plaintiff to go to the prison library; instead, she requires Plaintiff to fill out a library request form in order to obtain law books. He further alleges that Straubal failed to send him certain law books and McDonald denied Plaintiff's grievances against Caruso, Curtin and Straubal.

In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not without limit, however. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*,

168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992).   In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim.  *Lewis*, 518 U.S. at 351-353.

Further, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. 353 & n.3).   The *Christopher* Court held that, "[l]ike any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant."  *Id.* at 416.  Plaintiff has not pled injury to pending or contemplated litigation, much less actual injury to a nonfrivolous claim.  Therefore, his access-to-courts claim will be dismissed for failure to state a claim.

### C.    Equal Protection

Plaintiff alleges throughout the complaint that Defendants, by their respective actions, denied him his right to equal protection.  With respect to Defendant Worthy, Plaintiff alleges that she decided not to file charges against his wife because Plaintiff is a man and his wife is a woman.  Plaintiff contends that Defendant Worthy charges men when they commit crimes but she does not file charges against women.  Plaintiff also alleges that Defendants Cox and Evans would not respond to his complaints because they protect women but not men.  With respect to the other Defendants, Plaintiff does not allege any particular basis for discrimination– he merely alleges that they denied him his right to equal protection.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny any person within its jurisdiction the equal protection of the laws," which is essentially

a direction that all persons similarly situated should be treated alike.  U.S. CONST., AMEND IV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  Classifications based on race "are subject to strict scrutiny and will be sustained only if they are suitably tailored to serve a compelling state interest." *Id.* at 440.  "[C]lassifications based on gender also call for a heightened standard of review." *Id.*  "A gender classification fails unless it is substantially related to a sufficiently important government interest." *Id.* at 441.  To the extent Plaintiff asserts that he was subject to unlawful discrimination as a "class of one," he must demonstrate "intentional and arbitrary discrimination" by Defendants; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff's complaint is devoid of allegations that would indicate discriminatory conduct on the part of Defendants.  He does not allege any instances in which similarly-situated individuals were treated differently from himself, or any other basis for his conclusion that the conduct of Defendants was motivated by improper discriminatory intent.  In short, his equal protection claims are wholly conclusory.  "'[C]onclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim.'" *See Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) (quoting *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996)); *see also Nali v. Ekman*, 355 F. App'x 909, 913 (6th Cir. 2009) (noting that "conclusory allegations of discriminatory intent without additional supporting details [do] not sufficiently show that the pleader is entitled to relief.").  Accordingly, Plaintiff's equal protection claims will be dismissed for failure to state a claim.

**D.      Due Process**

Plaintiff also alleges throughout the complaint that Defendants violated his right to due process under the Fourteenth Amendment.  The Due Process clause states that "no . . . State . . . shall deprive any person of life, liberty, or property, without due process of law."  U.S. CONST. AMEND. XIV, § 1.  Plaintiff fails to state a due-process claim because he does not allege that he was deprived of a protected liberty or property interest.  "Without a protected liberty or property interest, there can be no federal procedural due process claim."  *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)).

To the extent Plaintiff alleges that he was deprived of a "property interest" in the default judgment, he does not allege a deficiency in the process that he received.  Indeed, he received full review of his motion for default judgment.  *See* Section II.A.1., *supra*.  Accordingly, Plaintiff fails to state a procedural due-process claim.

Finally, the Substantive Due Process Clause does not provide any basis for relief. Substantive due process "prevents the government from engaging in conduct that shocks the conscience . . . or interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (internal quotation marks and citation omitted).  "A substantive due process claim requires the plaintiff to allege (1) a constitutionally protected property interest that (2) was deprived by arbitrary and capricious state action."  *MSI Regency, Ltd. v. Jackson,* No. 09-4473, 2011 WL 3555419, at *8 (6th Cir. Aug. 12, 2011).  None of Plaintiff's allegations even remotely suggest government conduct that shocks the conscience.

III.    Supplemental Jurisdiction

Because the Court has concluded that all of Plaintiff's federal claims are subject to dismissal, the Court must consider whether to exercise supplemental jurisdiction over Plaintiff's

state-law claims against Defendants Perry and John Doe under 28 U.S.C. § 1367(a).  The Court declines to exercise such jurisdiction.  Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits.  *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of North Olmsted*, 927 F.2d 909, 917 (6th Cir. 1991); *see also* 28 U.S.C. § 1367(c)(3).  Therefore, Plaintiff's state-law claims against Defendants Perry and John Doe will be dismissed without prejudice.

<u>**Conclusion**</u>

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed.  Defendants Bell, Greeley and Cordes are immune from Plaintiff's claims, and Plaintiff fails to state a claim against Defendants Greeley, Davis, Worthy, Evans, Caruso, Agacinski, Curtin, McDonald, Straubal and Cox.  Therefore, Plaintiff's claims against the foregoing Defendants will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).  Moreover, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims against Defendants Perry and the unknown Defendant (named as "John Doe"); thus, those claims will be dismissed without prejudice.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  September 30, 2011                         _____/s/ Gordon J. Quist_____
                                                                GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE